## HOGAN *v.* MCFARLAND.

CHANCERY PLEADING AND PRACTICE. *Amendment.* One surety paid the
note of his principal and sought contribution from his co-surety by
bill in chancery. Afterwards he obtained leave to file an amended
bill which alleged a state of facts different from that set forth in the
original bill, though growing out of the same transaction. Upon de-
murrer, insisting that the matter in the amended bill constituted a new
bill. *Held,* that under the statute and the liberal rules of chancery
practice the amendment was properly allowed.

Code cited : sec. 4334, 4335.

---

### FROM HAMBLEN.

---

From the Chancery Court at Morristown.    H. C.
SMITH, Chancellor.

BARTON, MCFARLAND and EVANS for complainants.

MCKEE for defendants.

NICHOLSON, C. J., delivered the opinion of the court.

In this cause, after defendant had filed his answer,
complainant ascertained that he had mistaken the ma-
terial facts on which his prayer for relief was made,
and thereupon he filed his affidavit showing the real
facts and explaining the reasons why he had been
mistaken as to the facts in filing his original bill, and
asked for leave to amend his bill by stating the true
nature of his claim for relief. Leave was granted,
and the amended bill filed. To the amended bill

defendant demurred, mainly upon the ground that the amendment made constituted it a new bill.

The demurrer was overruled by the Chancellor and the defendant appealed.

The original bill seeks contribution of defendant as administrator of J. M. Bewley, upon the ground that Bewley and' complainant were co-sureties of J. E. Hogan on a note of $1,200, made payable to W. and T. Harris. Complainant believed that the Harrises had discounted the note for J. E. Hogan, and that Bewley, his co-surety, had paid and taken up the note. Complainant alleges that he paid the whole amount of the note under the expectation of being able to obtain reimbursement 'from J. E. Hogan, the principal, but being unable to do so, he seeks contribution of one-half the amount paid by him of Bewley's administrator.

The amended bill seeks a decree against Bewley's administrator for the whole amount paid, upon the ground that the note was never discounted by the Harrises for J. E. Hogan, but that by some means unknown to complainant, Bewley got possession of the note without having paid anything for it, and fraudulently collected the amount of it from complainant.

It is true that the amount sought to be recovered is greater under the amended bill than under the original, and it is sought not upon the principle of contribution, but upon the ground that Bewley had no right to collect any portion of the note from him. These are material amendments, but it cannot be said they make an entirely new bill. The transac-

tion set out in both bills is the same, the note and the purpose for which it was made is the same in both, and the fact of co-suretyship is the same; the allegation in both bills is that complainant had paid the whole amount of the note to Bewley, but in the original bill complainant seeks to recover one-half the amount by way of contribution, in the amended bill he seeks to recover the whole amount because the whole amount was wrongfully received by Bewley.

The provisions of the Code, secs. 4334 and 4335, allow amendments of bills at any stage of the cause, even after argument, if in his discretion the Chancellor should deem it necessary for justice. These provisions of the Code are in accord with the rules of chancery practice and pleading, in which great latitude has always been allowed to a complainant in making amendments. There was no error in overruling the demurrer.

The cause is remanded for further proceedings.